IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

_____

Courtroom Deputy:  Shirley Dills          Date:  February 8, 2012
FTR Technician: Shirley Dills             Probation: Erika Hitti

_____

Criminal Action No. 12-cr-00211-WJM        <u>Counsel:</u>

UNITED STATES OF AMERICA,                  Todd Norvell

     Plaintiff,

v.

ROGER CHASE BRASSARD,                      Matthew K. Belcher

     Defendant.

_____

## COURTROOM MINUTES
_____

HEARING - SENTENCING - Held in Durango, Colorado

11:03  a.m.    Court in Session

Appearances

Defendant is present and in custody.

Oath administered to the defendant.

Court's comments

Sentencing Statement (by Mr. Norvell)

Discussion concerning restitution

Sentencing Statement (by Mr. Belcher)

1

The defense withdraws his second objection to the Presentence Investigation Report - a condition of supervised release that defendant reside in a Residential Reentry Center for up to six months after release from custody.

**ORDERED:** **The defendant's objection to the Presentence Investigation Report regarding a two-level increase for more than minimal planning to commit burglary of a dwelling is SUSTAINED.**

**ORDERED:** **There being no objection to the Government's Motion for Decrease Pursuant to U.S.S.G. §3E1.1(b) (Acceptance of Responsibility) (ECF No. 57), the Motion is GRANTED.**

**ORDERED:** **There being no objection to the Government's Motion to Dismiss Count Two of the Indictment (ECF No. 56), the Motion is GRANTED.**

**Count Two of the Indictment is DISMISSED.**

Statement by defendant's grandmother Phyllis Escalante

Statement by defendant's sister Jonte Calasko

Defendant's Allocution

**ORDERED:** **Defendant's Motion for Downward Variance (ECF No. 55) is GRANTED IN PART**.

Defendant plead guilty to Count One of the Indictment on August 29, 2012.

**ORDERED:** **Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Roger Chase Brassard, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of fifteen months.**

**In serving this term of incarceration the Court recommends that the director of the Bureau of Prisons give defendant full credit for his time served in pretrial detention.**

**The Court recommends that the Bureau of Prisons designate an institution for the defendant with substance abuse and mental health treatment programs and that the defendant take advantage of those programs during his imprisonment.**

**ORDERED:** Upon release from imprisonment, the defendant shall be placed on supervised release for a period of three years.

Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

While on Supervised Release, the defendant shall not commit another federal, state, or local crime, shall not possess a firearm as defined in 18 U.S.C. § 921, and shall comply with the standard conditions that have been adopted by this Court.

The defendant shall not unlawfully possess and shall refrain from unlawfully using a controlled substance. The defendant shall submit to one drug test within 15 days of release on supervised release and two periodic tests thereafter.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

**ORDERED:** Special Conditions of Supervised Release:

1. The defendant shall participate in and successfully complete a program of testing and/or treatment for substance abuse, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.

2. The defendant shall abstain from the use of alcohol or other intoxicants during the entire term of supervised release.

3. The defendant shall remain medication compliant and shall take all medications that are prescribed by his treating psychiatrist. The defendant shall cooperate with random blood tests as requested by his treating psychiatrist and/or the supervising probation officer to ensure that a therapeutic level of his prescribed medications is maintained.

4. The defendant shall participate in and successfully complete a program of mental health treatment, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall

        **pay the cost of treatment as directed by the probation officer. The Court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report for continuity of treatment.**

    **5.**    **The defendant shall reside in a Residential Reentry Center upon his release from custody for a period of up to 180 days, and shall observe the rules of that facility. The defendant may be released from the Residential Reentry Center early with the approval of his probation officer if he secures a suitable residence.**

**The defendant shall pay a Special Assessment of $100.00, which shall be due and payable immediately.**

**The Court FINDS that the defendant does not have the ability to pay a fine, so the Court will waive the payment of any fine in this case other than the special assessment.**

**ORDERED:**  **The parties have until May 9, 2013 to file their papers or a stipulation concerning the amount of restitution.**

**ORDERED:**  **Final Judgment shall not enter until a restitution order has been entered by the Court.**

**ORDERED:**  **Defendant is REMANDED to the custody of the U.S. Marshal.**

11:56 a.m.    Court in Recess
                Hearing concluded
                Time: 53 minutes